■ In the Matter of the Arbitration between ALMA RICHARD, as Administratrix of the Estate of ALBERT RICHARD, Deceased, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— REYNOLDS, J. Appeal by the Motor Vehicle Accident Indemnification Corporation from an order and judgment of the Supreme Court, Rensselaer County, directing a verdict for the respondent and vacating a stay of arbitration and from an order of the same court denying appellant's motion for a directed verdict in its favor. On September 29, 1963 Albert Richard was struck and fatally injured by an unidentified automobile as he crossed at the intersection of Bridge Avenue and Second Street in the City of Cohoes. Later that same evening an anonymous telephone call was received by the Cohoes police that the vehicle involved was a 1956 Buick bearing license plate 8411. The following day one Paul Edward Jones, the owner of an automobile, bearing license number TR 8441, signed a statement admitting that he had been drinking heavily on September 29, 1963, that he had driven by the intersection where decedent was killed at approximately the time of his death, that there was unexplained damage to the right front and to the top of the right fender of his car, and that 15 to 30 minutes after he arrived home on the evening of September 29, 1963 he heard sirens going by his house. However, Jones also stated that he did not remember striking anything or anybody and an examination by the New York State Police Scientific Laboratory of the car revealed no hairs, fibers, blood stains or human tissue particles to be present on the auto. When respondent, decedent's administratrix, served a demand for arbitration upon appellant alleging that the identity of the owner or operator of the vehicle which struck the decedent could not be ascertained, appellant obtained a stay of arbitration and sought a determination of the issue as to whether there was, in fact, involved a hit and run automobile as defined by the indorsement to decedent's policy. Upon the trial

respondent called witnesses who had seen the accident but could not identify the car beyond the fact that it was dark and introduced hospital records concerning decedent's admission and a police accident report which listed the driver and owner of the car as unknown. Appellant in turn sought to introduce the testimony of a Cohoes' police officer concerning his investigation of the Buick owned by Jones but this was refused on the grounds that it was immaterial and without proper foundation. Objections to any conversation with Jones about his automobile and to the statement taken from him were also sustained on the grounds that they were hearsay and not binding on the respondent. Appellant then called Jones as a witness but his attorney stated he would not testify asserting his rights under the Fifth Amendment. Appellant next attempted to introduce photographs showing the damage to Jones' Buick, the statement Jones made to the Cohoes' police, and the police notation showing receipt of the anonymous phone call describing Jones' Buick. All of these offers of proof were denied by the court on the grounds that since Jones claimed his privilege against self incrimination there was no foundation for the report of the investigation, that the information was hearsay and that there was "no possible way" to connect it to the instant case. Thereafter the court granted the directed verdict for respondent which is appealed here. The primary issue raised here is whether the court below was correct in its evidentiary rulings excluding appellant's evidence directed at linking Jones' car to the accident. Even if the evidence claimed to be admissible were received, the judgment would still then only be reversible if there were present some substantial evidence identifying the owner or operator (*Matter of Ruiz* v. *MVAIC*, 19 A D 2d 832). If there was insufficient evidence "reasonably to satisfy a jury" that substantial evidence was present identifying the owner or operator, the directed verdict was proper (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241). Clearly the anonymous phone call was not admissible in evidence. The fact that reference to it was incorporated in the police reports would not render it admissible under CPLR 4518 (*Johnson* v. *Lutz*, 253 N. Y. 124; see, also, *Williams* v. *Alexander*, 309 N. Y. 283; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par 4518.11). And without the evidence of this vital phone call, even if the results of the ensuing investigation were admitted into evidence, there is no substantial evidence linking Jones to the accident. The mere fact that he was in the area at the time, that he was driving his automobile in an inebriated condition, and that his car had suffered unexplained damages is not sufficient, especially since Jones denied involvement in the accident and the examination of his car reveals no trace of hair, blood, etc. Nor does the fact that Jones asserted his privilege under the Fifth Amendment strengthen appellant's case. Jones here was not as in *Bradley* v. *O'Hara* (2 A D 2d 436) a party to the litigation but rather a witness called by appellant and over whom respondent had no control. Judgment and orders affirmed, with costs to respondent. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.